**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FREDDIE WILSON,**

    Plaintiff,

v.                                                            **Case No.: 8:16-cv-2102-T-23AAS**

**BANK OF AMERICA,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Before the Court are *pro se* Plaintiff's **Application to Proceed in District Court Without Prepaying Fees or Costs** (Doc. 2) and Plaintiff's **Affidavits Accompanying Motion for Permission to Appeal In Forma Pauperis** (Docs. 10, 11) which the Court construes as motions for leave to proceed *in forma pauperis*.[1]

    **A.  Legal Standard**

The Court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. After reviewing the affidavit of indigency to determine the economic status of the litigant, the Court must review the case and

---

[1] These motions have been referred to the undersigned for disposition or a Report and Recommendation (Doc. 2). *See* 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla. As Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Doc. 11) operates as an amended motion, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Doc. 10) should be DENIED as moot.

1

dismiss it *sua sponte* if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Cleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

**B.     Analysis**

On August 3, 2016, the Court deferred ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) pending Plaintiff's filing of an Affidavit of Indigency and an amended complaint that invokes this Court's jurisdiction, states a cognizable claim, and complies with the Federal Rules of Civil Procedure. (Doc. 6).

Plaintiff timely filed the required affidavit and an amended complaint. (Docs. 9-11). While Plaintiff's affidavit demonstrates the requisite inability to pay the filing fee, Plaintiff's Amended Complaint (Doc. 9) is subject to dismissal because it fails to state a claim that invokes the Court's jurisdiction and is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).

This Court has jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a).  In his Amended Complaint, Plaintiff appears to seek claims against Defendant for conversion of property, replevin, and breach of contract.  As explained in the Court's August 3, 2016 order (Doc. 6), these types of claims fall under the jurisdiction of Florida's state courts.  Such claims cannot be brought in federal court unless Plaintiff's complaint satisfies the requirements for diversity jurisdiction.

As to diversity jurisdiction, while Plaintiff seeks damages greater than $75,000, Plaintiff states that Defendant is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Tampa, Florida, and that Plaintiff resides in the State of

Georgia and is a citizen of the United States. Plaintiff has, again, failed to properly allege his state of citizenship. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Thus, Plaintiff has not established diversity jurisdiction.

The Court notes that even if the Plaintiff could establish diversity jurisdiction, Plaintiff's Amended Complaint fails to state a claim on which relief can be granted. "Under Florida law, a breach of contract claim requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Hearn v. Int'l Bus. Machs.*, 558 F. App'x 954, 957 (11th Cir. 2014) (per curiam) (unpublished) (citation and internal quotation marks omitted). To establish the existence of a contract, Plaintiff must demonstrate the requisite elements of a contract were satisfied: an offer, an acceptance, and consideration. *See Cucinotta v. CVS Pharmacy, Inc.*, No. 8:12–cv–1194–T–33AEP, 2012 WL 5467524, at *2 (M.D. Fla. Nov. 9, 2012).

Plaintiff states that Defendant "agreed to process the third party checks that were deposited at the bank and then make the proceeds available to the [P]laintiff." (Doc. 9 at 1). Yet, nowhere does Plaintiff identify any specific consideration for this alleged agreement. Plaintiff states that Defendant agreed "that the [P]laintiff was [a] licensed check cashier that would be utilizing the bank as his main place of business and he would be processing third party checks at BOA" (Doc. 9 at 2) and that Plaintiff "duly performed all terms and conditions of the contract on his part." (*Id.*) But Plaintiff does not state what those terms and conditions were. Additionally, Plaintiff states later in the Amended Complaint that Defendant explained that it "conducted an investigation and . . . discovered that many of the people that [Plaintiff] deposited the checks are deceased." (Doc. 9 at 4). Plaintiff does not explain how this is a violation of the alleged contract between Plaintiff

3

and Defendant. As currently pled, Plaintiff's breach of contract claim is not plausible on its face.

Next, to establish a claim for conversion, Plaintiff must demonstrate "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Szterensus v. Bank of Am.*, No. 08-22669-CIV, 2010 WL 427509, at *2 (S.D. Fla. Feb. 1, 2010). To establish a claim for conversion of money, "there must exist a specific fund capable of identification." *Id.* Further, "if there is a contractual relationship between the parties, . . . the civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of a contract." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). Plaintiff attempts to allege a contractual relationship between the parties and has not described sufficient facts to identify a specific fund or demonstrate that the alleged conversion goes beyond, or is independent from, the alleged failure to comply with the purported contract. Plaintiff's conversion claim is not plausible on its face.

Finally, Florida law provides that "Any person whose personal property is wrongfully detained by any other person or officer may have a writ of replevin to recover said personal property[.]" Fla. Stat. § 78.01. However, replevin is not available to recover intangible funds, such as money held in a bank account. *See Land-Cellular Corp. v. Zokaites*, 463 F. Supp. 2d 1348, 1353 (S.D. Fla. 2006) (citing *Williams Mgmt. Enters., Inc. v. Buonauro*, 489 So.2d 160 (Fla. 5th DCA 1986)). Accordingly, Plaintiff's claim for replevin also is not plausible on its face.

### C.    Conclusion

As Plaintiff has failed to establish this Court's jurisdiction and has failed to satisfactorily allege facts that plausibly state claims upon which relief may be granted, it is **RECOMMENDED** that:

(1)    Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma

Pauperis (Doc. 11), construed as a motion for leave to proceed *in forma pauperis*, be **DENIED**;

(2)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Doc. 10) be **DENIED as moot**; and

(3)    Plaintiff's Amended Complaint (Doc. 9) be **DISMISSED** for failure to state a claim.

**Date: September 7, 2016.**

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Party
Counsel of Record
District Judge