**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FREDDIE WILSON,**

    Plaintiff,

v.                                                                          **Case No.: 8:16-cv-2102-T-23AAS**

**BANK OF AMERICA,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff's **Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*** (Doc. 36), which the Court construes as a motion for leave to proceed *in forma pauperis* on appeal. This motion has been referred to the undersigned for disposition or a Report and Recommendation (Doc. 2). *See* 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

**A. Legal Standard**

Rule 24 of the Federal Rules of Appellate Procedure provides:

> a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Moreover, 28 U.S.C. § 1915(a)(1) provides that the Court, upon a finding

1

of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

    **B.    Analysis**

On August 3, 2016, the Court deferred ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) pending Plaintiff's filing of an Affidavit of Indigency and an amended complaint that invokes this Court's jurisdiction, states a cognizable claim, and complies with the Federal Rules of Civil Procedure. (Doc. 6). After Plaintiff timely filed the required affidavit and an amended complaint (Docs. 9-11), the Court denied Plaintiff's motion to proceed *in forma pauperis*, dismissed Plaintiff's amended complaint for failure to state a claim that invokes the Court's jurisdiction and is plausible on its face (Docs. 14, 20), and permitted Plaintiff the opportunity to, once again, amend his complaint.

On November 14, 2016, Plaintiff filed his Second Amended Complaint (Doc. 21) and another motion to proceed *in forma pauperis*. (Docs. 21, 22). On December 29, 2016, the Court, adopting the undersigned's Report and Recommendation that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim, denied the motion to proceed *in forma pauperis*, and dismissed the Second Amended Complaint. (Docs. 26, 34). On January 9, 2017, Plaintiff filed a notice of appeal and the instant construed motion to appeal *in forma pauperis*. (Docs. 35, 36).

Plaintiff does not assert any legal or factual basis for concluding the Court erred. Plaintiff left blank the space on the affidavit for listing his issues on appeal, and his Notice of Appeal states merely, "Comes now the plaintiff Freddie Wilson pro se, and hereby gives notice of appeal from

2

the judgment imposed by this court on the date of December 29, 2016." (Doc. 35 at 1). Plaintiff's motion fails to comply with Rule 24, Fed. R. App. P., and the absence of any specified issues on appeal leads the undersigned to conclude that the appeal is not taken in good faith.

### C.     Conclusion

Accordingly and upon consideration, it is **RECOMMENDED** that Plaintiff's construed motion for leave to proceed *in forma pauperis* on appeal (Doc. 36) be **DENIED**.

**Date: January 23, 2017**

*[signature]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Party
Counsel of Record
District Judge